<span style="float:right;">RHODES<br>*v.*<br>SCHOLFIELD</span>

"If the supplemental petition be viewed rather as a revival of the action (and in this manner we think it must be viewed,) than an amendment to the pleadings, the defendant, before he could be properly ruled to trial, ought to have been notified of the revival, either by service of the new petition and citation, or by direct and positive notice to the counsel, (if such would suffice,) in order to answer and plead *de novo* in such manner as the case might require." 15 L. R. 361.

A supplemental petition should, therefore, have been filed in this case, and the defendants should have answered it before trial, to form a proper issue.

There is no doubt, that by consent appearing upon the record, new parties may be made by motion, and that in so consenting the opposite party might, in the case of heirs or representatives, acknowledge their capacity and waive an answer, but no such consent appears in this case.

It is said the defendant *Morris* was sheriff, and was in court when the new parties were made, and that his consent to make the parties and waive an answer must be presumed from his silence. It does not appear by the record that he was in court; and if he was, although silence may give consent in some matters, it does not, necessarily, in matters of litigation. Having employed counsel to defend him, it is more reasonable to presume, that if the sheriff was present, he remained silent, lest his unadvised action might compromit his rights.

It is not a sufficient reason against reversing the judgment, as contended, that the evidence makes out the plaintiffs' case. A very different case might have been presented, if the cause had on the trial been properly at issue, and defended by counsel. Indeed this case presents a striking example of the propriety of the practice established by the late Supreme Court. One of the heirs made a plaintiff was a defendant in the execution, and actually recovers the value of property seized and sold to pay her debts.

The delay which a reversal of the judgment, on what may turn out to be but form, occasions it to be regretted; but it has been caused by the heirs themselves in not promptly and properly becoming parties to the suit of the deceased and forcing an issue by citation and answer, or by judgment by default.

The judgment of the district court is reversed, a new trial granted, and the cause remanded; and the appellees are condemned to pay the costs of the appeal.

---

## BROWN *v.* WRIGHT.

*In an action of slander, where the plaintiff has introduced evidence to prove the falsity of the charge, and the falsity of the declarations of the defendant as to the circumstances in support of the charge, the defendant is at liberty, in order to rebut the presumption of malice, even under the general issue, to introduce evidence to prove the truth of the charge and the truth of his declarations as to the circumstances on which the charge was made.*

APPEAL from the District Court of West Feliciana, *Stirling*, J. *C. Ratliff*, for plaintiff. *Brewer* and *Collins*, for defendant. The judgment of the court was pronounced by

BROWN
*v.*
WRIGHT.

SLIDELL, J. This is an action for slander. The slander alleged in the petition is the having falsely and maliciously asserted in conversations with third persons that the plaintiff had stolen fifty dollars. The defendant pleaded a general denial. There was a verdict in favor of the plaintiff for $5000, being the amount of damages claimed. In refusing an application for a new trial, the district judge stated that if the cause had been submitted to him without a jury he would have assessed the damages at a lower rate, but that he did not consider himself as having authority to disturb a verdict in such a case, unless the amount was beyond all reason; and as this court had power to reduce, he thought it proper to leave the defendant to an appeal, as the shortest and least expensive mode of terminating the litigation.

Two bills of exception were taken at the trial by the defendant. Before reciting them, it is proper to notice certain testimony which was before the jury, and the circumstances under which it was introduced.

The plaintiff had introduced a witness named *West*, who on his direct examination stated that the defendant, on the day after the money, a fifty dollar bank note, was missed, told him that he, the defendant, believed *Brown* had stolen it. Upon his cross-examination by the defendant, he testified that he asked the defendant what cause he had for suspecting *Brown*. He replied, among other things, that when the railroad cars arrived, on the evening of the disappearance of the bank note, he requested *Brown* to attend in his shop while he received some freight from the cars at the depot. He also stated that on that evening *Brown* had stopped at the house of one *Lemon*, and there ate some honey with his gloves on, and that the stains of the honey were upon the bank note when subsequently found in the road by another person. This cross-examination took place without any objection on the part of the plaintiff. Afterwards, the plaintiff introduced the testimony of *Lemon*, which was offered, as is mentioned in the statement of facts prepared by the clerk, "for the purpose of showing that the statements made by defendant to the witness *West*, as drawn out on the cross-examination of the witness, were not true." A witness was then offered by defendant and rejected; and the first bill of exceptions, which will be presently recited, was then taken. The plaintiff then introduced the testimony of another witness, one *Robertson*; it being also noted on the clerk's statement, "that the object of the testimony of this witness is to prove that the plaintiff *Brown* was not in the store at the time that the defendant *Wright* was receiving the goods at the depot, for the purpose of showing that the statement of *Wright* that he was there at that time and alone, made to the witness *West*, as stated in said witness' cross-examination, was not true." To the admission of *Robertson's* testimony the second bill of exceptions was taken. The bills of exception are as follows:

1st. Bill. Be it remembered that on the trial of this cause, after evidence had been offered by the plaintiff to disprove the statements or declarations made by the defendant, as testified to by *Wm. T. West*, the defendant offered to prove by *Wm. West* and other witnesses that said statements were true; which testimony was objected to by the plaintiff, on the ground that no justification had been pleaded by defendant, and the objection sustained. Wherefore the defendant reserved this his bill of exceptions, and tendered the same for the signature of the court.

2d Bill. Be it remembered that on the trial of this cause, after the plaintiff had offered evidence to disprove the statements or declarations of the defendant,

as testified by the witness *Wm. West* and other witnesses, that said statements or declarations were true, which evidence was objected to by the plaintiff, and the objection sustained by the court, the plaintiff then offered further to prove by the witness *Robertson* that said statements or declarations were untrue; to which the defendant objected, on the ground that the court had refused to permit the defendant to substantiate his statements or declarations after they had been attacked by the plaintiff, and that the plaintiff had no right to offer evidence to disprove matters which the defendant was prohibited, under the ruling of the court, to prove or substantiate. Which objections being overruled by the court, the defendant reserved this his bill of exceptions, and tendered the same for the signature of the court.

We think the court erred, and that its ruling may have operated injuriously upon the defendant's case, and aggravated the estimate of damages made by the jury. If the statements referred to, and which the witness *West* was permitted to narrate without objection by the plaintiff, were true, the jury might have drawn from that evidence the inference that the defendant had made the charge under the influence of circumstances calculated to awaken his suspicions as to the plaintiff, and not in mere wantonness and malice; and if they drew such inference, it might and probably would have been with them a just reason for mitigating damages. But if, on the other hand, the jury believed from the testimony adduced by the plaintiff, and which the defendant was not permitted to contradict, that the defendants's statements to *West*, above referred to, were false, it was a strong reason for inferring wanton and gross malice on the part of the defendant.

We find the following doctrines laid down by a learned author, in treating of the law of evidence in cases of libel and slander: " In the defence of this action, under the general issue, the defendant may give in evidence any matter tending to deny or disprove any material allegations of the plaintiff: such as the speaking and publishing of the words, the malicious intention, or the injurious consequences resulting from the act complained of. If the plaintiff, in proof of malice, relies upon the falsity of the charge, the defendant may rebut the inference by evidence of the truth of the charge, even under the general issue. Greenleaf on Evidence, vol. 2, § 421.

*A fortiori*, then, if the plaintiff undertakes to show that matters asserted by the defendant, as the grounds for his belief of the truth of the charge, were false, and thus to establish malice, the defendant should be permitted to rebut such testimony, and show the truth of such assertions in order to resist the inference of malice.

It is therefore ordered, adjudged and decreed, that the judgment of the court below be reversed, and the cause remanded for a new trial according to law; the plaintiff and appellee paying the costs of this appeal.